IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                    Plaintiff,

v.

BYRON BARTOW,

                    Defendant.

OPINION & ORDER

17-cv-51-jdp

---

      Pro se plaintiff Terrance Grissom, currently a prisoner at the Green Bay Correctional Institution, brings this action alleging that he was mistreated and abused at the Wisconsin Resource Center. Grissom is a frequent litigator in this court (he has brought more than 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. Grissom's recent filings have generally been unfocused, and he has taken no action when directed by this court to amend his complaints and to pay the initial partial payments of his filing fees.

      Grissom's new allegations are similar to those contained in previous complaints. He seems to be saying that he is being treated with experimental medication or other treatments against his will, although I noted in a previous case that documents he submitted suggested that he was being involuntarily treated under court order. *See* Dkt. 6 in case no. 16-cv-521-jdp, at 6. He also includes new allegations that he was physically beaten by unnamed WRC staff: he states that defendant WRC director Bartow's "coworkers are beating upon myself/other inmates/to where blood is everywhere." Dkt. 1, at 8.

While his allegations remain fairly vague, his new allegations about being beaten are troubling. Grissom does not appear to be in imminent danger of serious physical harm at present because he has been transferred to GBCI. But I will not immediately dismiss the case on the basis of the filing restrictions against him. A threshold barrier remains: as with so many of his previous cases, he has not made an initial partial payment of the filing fee. It is still unclear whether Grissom is prepared to follow the court's directions. Unlike his other current lawsuit filed in this court, case no. 17-cv-121-jdp, he has not submitted a document indicating his willingness to authorize state officials to pay the filing fee under 28 U.S.C. § 1915 out of his accounts. Rather, he has filed a series of submissions asking to waive the initial partial payment completely. *See* Dkt. 5, 7, & 11. Some of his attached documents seem to show that he has misunderstood that the payment would come from a legal loan. These payments come from his prison financial accounts.

I will deny Grissom's motions because the financial information shows that he has funds (albeit only $0.17) in his release account. The court has recalculated his initial partial payment to be $0.03. *See* Dkt. 10. Grissom should be able to make this payment. But he needs to ask prison officials to submit this payment from his release account. He should show this order to prison officials to ensure that they are aware that they should send his initial partial payment to this court. I will give him a short time to submit this payment. Should Grissom fail to submit this payment or show that prison officials are not properly withdrawing the fee from his account, I will dismiss the case. If he submits his initial partial payment, I will screen his complaint.

Grissom also asks for legal library materials and writing supplies, Dkt. 5, and appointment of counsel, Dkt. 9. But he has seemingly had no problem filing documents in

this court, so I need not consider the question whether he has adequate supplies. Because Grissom's task at this point is a very simple one—pay the initial partial payment of his filing fee—it is premature to consider his access to legal materials or his request for counsel. And in any case, he does not explain in any detail how the lack of adequate legal materials has harmed him. Nor has he attempted to make the showings usually required for the court to recruit counsel: that he has made reasonable efforts to recruit counsel on his own (usually, by providing the names of at least three attorneys who declined to represent him) and that the difficulty of the case exceeds his capability to litigate it.

Grissom remains free to renew these motions. But if he seeks access to particular legal library materials, he will need to explain what materials he has been blocked from accessing and what litigation tasks he has been unable to complete because of the lack of access. If Grissom renews his motion for counsel, he will need to show that he has asked attorneys for help and that they have turned him down, and he will need to explain why he cannot litigate the case on his own.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom's motions to waive an initial partial payment of the filing fee, Dkt. 5, 7, & 11, are DENIED. Plaintiff may have until March 29, 2017, to submit his $0.03 initial partial payment of the filing fee or show cause for his failure to do so. If plaintiff fails to make the initial partial payment by this deadline or show cause for his failure to do so, I will direct the clerk of court to close the case.

2. Plaintiff's motion for legal library materials and writing supplies, Dkt. 5, and appointment of counsel, Dkt. 9, are DENIED.

Entered March 8, 2017.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge