IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

           Plaintiff,

  v.

BYRON BARTOW,

           Defendant.

ORDER

17-cv-51-jdp

---

TERRANCE GRISSOM,

           Plaintiff,

  v.

EDMOND YOUNG and DASHUN WILLIAMS,

           Defendants.

ORDER

17-cv-241-jdp

---

Pro se plaintiff Terrance Grissom, currently a prisoner at the Green Bay Correctional Institution, brought case no. 17-cv-51-jdp, alleging that he was mistreated and abused at the Wisconsin Resource Center. But Grissom has a long history of filing lawsuits and then failing to pay the initial partial payment of the filing fee assigned to each case. In a March 8, 2017 order, I denied Grissom's motions to waive the filing fee, to recruit counsel for him, and to direct prison officials to provide him with legal materials. Dkt. 13 in the '51 case. I directed Grissom to ask prison officials to disburse $0.03 from his release count for the initial partial payment of the filing fee. *Id.*

Grissom has responded to that order by stating that prison officials have denied his written request for use of funds to pay the initial partial payment. Dkt. 14 in the '51 case. But

none of the documents Grissom attaches to that response show that he actually made that request to prison officials. Rather, the documents he has submitted seem to show denials of his requests for legal loan funds, so it appears that Grissom continues to believe that the $0.03 payment can be made from legal loan funds. As I explained in the previous order, his initial partial payment must come from his release account, not legal loan funds.

I will give Grissom a final chance to submit the $0.03 initial partial payment for the '51 case. He should ask prison officials to disburse the money from his release account, and he should show them a copy of this order to ensure that they are aware that they should send his initial partial payment to this court. If the request is rejected, he should submit the rejection to this court. If Grissom does not make the initial payment or explain why he was unable to do so, I will dismiss the '51 case.

Also in his response, Grissom renews his request for access to counsel and his allegations that he is being denied writing supplies. But Grissom does not need counsel to accomplish the next step in the '51 case, which is to pay the initial partial filing fee. And there is no reason to think that he needs to court's assistance to obtain writing supplies. Not only did he respond to my last order, but he also filed a brand new case, no. 17-cv-241-jdp. I will deny his renewed motions.

Turning to the '241 case, Grissom brings claims that two fellow inmates are threatening him and his family. I conclude that his allegations are sufficient to overcome the court sanction barring him from filing new complaints unless he pays off all of his previous filing fees or submits a complaint alleging that he is imminent danger of serious physical injury. But there are two other problems with his new complaint.

2

First, Grissom asks to waive the filing fee. This court cannot waive the filing fee, but it could waive *prepayment* of any of it if Grissom's financial information showed that he was completely indigent. However, it appears that Grissom still has money he could use to pay an initial partial payment. The trust fund account statement Grissom submits with his complaint in the '241 case is not completely up to date, but it continues to show that he has $0.17 in his release account, which means that the initial partial payment for this case is also $0.03. *See* 28 U.S.C. § 1915(b). I will give him a short time to file the initial partial payment along with his payment from the '51 case.

The second problem is that Grissom names as defendants only the two inmates who are threatening him. The type of constitutional claims Grissom tries to bring in this case may only be brought against defendants who are acting "under color" of law, which usually means that they are government officials. *See* 42 U.S.C. § 1983. I take Grissom to be alleging that prison officials are not protecting him and his family from harm, but he does not actually name any prison officials as defendants. When Grissom submits his initial partial payment, he should also submit an amended complaint explaining who at the prison knew about the threats and how they responded to them. If Grissom does not know the actual identities of those individuals, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom may have until June 14, 2017, to submit $0.03 initial partial payments of the filing fees for each of these cases, or show cause for his failure to do so.

2. Plaintiff's renewed motions for writing supplies and for appointment of counsel, Dkt. 16 in case no. 17-cv-51-jdp, are DENIED.

3. Plaintiff's motion to waive the filing fee in case no. 17-cv-241-jdp, Dkt. 2, is DENIED.

Entered May 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge