IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

           Plaintiff,

v.

BYRON BARTOW,

           Defendant.

ORDER

17-cv-51-jdp

---

TERRANCE GRISSOM,

           Plaintiff,

v.

EDMOND YOUNG and DASHUN WILLIAMS,

           Defendants.

ORDER

17-cv-241-jdp

---

Pro se plaintiff Terrance Grissom, currently a prisoner at the Waupun Correctional Institution, brings these two cases, each of which I will address in this order.[1]

**A. Case no. 17-cv-51-jdp**

In case no. 17-cv-51-jdp, he alleges that he was mistreated and abused at the Wisconsin Resource Center. But Grissom has a long history of filing lawsuits and then failing to pay the initial partial payment of the filing fee assigned to each case. Grissom alleged that prison staff were blocking his attempts to pay the $0.03 initial partial payment, but he failed to adequately support that allegation with evidence. *See* Dkt. 17, at 1–2.[2] I gave him a deadline to submit

---

[1] Grissom has not updated his address since telling the court he was moved to the Wisconsin Resource Center in August, but the state's inmate locator website shows that he is currently incarcerated at the Waupun prison. *See* https://appsdoc.wi.gov/lop.

[2] Grissom has captioned his recent filings as belonging to both cases. All citations to the court's

the initial partial payment using release-account funds before the case could move forward. *Id*. at 2.

Grissom has responded by filing more submissions saying that staff is blocking his efforts to disburse funds from his release account, but this time he has supported his filings with persuasive evidence. Grissom submits forms he sent to prison officials asking for the disbursement of release-account funds. See Dkt. 18-1. Those requests appear to have been rejected because he stated that he needed funds for postage rather than the filing fee. But it is clear from his response to those rejections that he is asking prison staff to have money taken from his account to pay this fee. He did not submit to this court the specific disbursement forms he says that he sent prison staff, but I will consider the evidence he has submitted as proof that he is attempting in good faith to make his initial partial payment. Should the case pass the screening stage, I will direct the state to submit the $0.03 payment.

Turning to the substance of his complaint, I have already summarized his allegations as follows:

> He seems to be saying that he is being treated with experimental medication or other treatments against his will, although I noted in a previous case that documents he submitted suggested that he was being involuntarily treated under court order. *See* Dkt. 6 in case no. 16-cv-521-jdp, at 6. He also includes new allegations that he was physically beaten by unnamed WRC staff: he states that defendant WRC director Bartow's "coworkers are beating upon myself/other inmates/to where blood is everywhere." Dkt. 1, at 8.

Dkt. 13, at 1.

Grissom is no longer at WRC but he receives periodic treatment there so I will not dismiss the case under the sanctions against him—he remains barred from litigating claims

---

docket are to case no. 17-cv-51-jdp.

other than those showing that he is in imminent danger of serious physical harm. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015). But his current vague allegations violate Federal Rule of Civil Procedure 8 (plaintiff must include "a short and plain statement of the claim showing that [he] is entitled to relief"). He needs to amend his complaint to explain who violated his rights and how they did so.

In doing so, Grissom should make sure to name each state official he intends to sue as a defendant in the caption of the amended complaint. Then in the body of the complaint, he will need to explain in greater detail what each of those defendants did to harm him. He should draft his amended complaint about WRC as if he were telling a story to people who know nothing about his situation. If Grissom wants to sue individuals but does not know their names, his amended complaint should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on. If Grissom thinks that the forced medication is harming him, he should explain whether he thinks that he was unfairly forced to take medication, and if so, why he believes that decision was unfair. He also should explain how the medication is harming him, which state officials are aware that plaintiff is suffering harm, and how they have responded to this knowledge. If he still intends to sue Director Bartow, he should explain whether Bartow knows about the problems he is complaining about and what Bartow did to help him after being alerted to those problems. If Grissom does not submit an amended complaint buy the deadline set forth below, I will dismiss the case for his failure to prosecute it.

## B. Case no. 17-cv-241-jdp

Turning to the '241 case, Grissom brings claims that two fellow inmates are threatening him and his family. I previously directed Grissom to submit the initial partial payment for this case, and to submit an amended complaint in which he named as defendants prison officials

who were failing to protect him from the harm he faced. *See* Dkt. 17, at 3. Grissom's filings in response to that order again discuss defendants Young and Williams but do not include any allegations explaining whether any prison officials are failing in their duty to protect him from the inmates. It is also unclear whether he is even in harm's way anymore given his recent transfer, and, as stated above, he remains barred from litigating claims other than those showing that he is in imminent danger of serious physical harm.

Because Grissom fails to state claims against defendants who were acting under color of state law, and because of his sanctions, I will dismiss this case. If Grissom continues to believe that he or is family is in danger, he should raise his concerns to prison staff and law enforcement officials.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom may have until April 20, 2018, to submit an amended complaint in case no. 17-cv-51-jdp.

2. Case no. 17-cv-241-jdp is DISMISSED. The clerk of court is directed to enter judgment in defendants' favor and close the case.

Entered March 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge